UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHANE T. WATKINS, )<br>  )<br>Petitioner, )<br>  )<br>v. )<br>  )<br>J E KRUEGER, )<br>  )<br>Respondent. ) | Case No.   18-cv-1183 |

## **ORDER & OPINION**

This matter is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) filed by Shane T. Watkins. The petition has been fully briefed. For the reasons stated below, the petition is DISMISSED WITH PREJUDICE.

### DISCUSSION

The Court will only briefly discuss Watkins' background because it is clear, without diving into the merits, that he cannot bring this petition. On April 22, 2004, a grand jury indicted Watkins with knowingly possessing more than 50 grams of a substance and mixture containing cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)(A) and § 841(b)(1)(A). *United States v. Watkins*, 04-cr-10037 (C.D. Ill. 2005) (Docs. 1, 38). On May 3, 2004, the Government filed a notice pursuant to 21 U.S.C. § 851 of its intent to use evidence of Watkins' prior convictions to enhance his sentence. *Id.* (Doc. 6). The convictions noticed by the Government were a (1) 1996 conviction for possession of a controlled substance with intent to deliver in Macon County, Illinois, (2) 1998 conviction for delivery of a controlled substance in

Peoria County, Illinois, and (3) 2001 conviction of possession of a controlled substance in the Central District of Illinois. *Id.* On December 8, 2004, a jury found Watkins guilty. *Id.* (Doc. 43). Watkins was sentenced to mandatory life imprisonment based on his prior felony convictions. His conviction and sentence were affirmed on appeal. *United States v. Watkins*, 175 F. App'x 53, 54 (7th Cir. 2006).

On November 18, 2016, Watkins filed his first Petition for Writ Habeas Corpus Under 28 U.S.C. § 2241. *Watkins v. Krueger*, 16-cv-1447 (C.D. Ill. 2018). In relevant part, he argued that under *Mathis v. United States*, 136 S.Ct. 2243 (2016), his prior drug convictions no longer qualify as "controlled substance offenses," and therefore may not serve as predicate offenses to support a mandatory life sentence. *Id.* (Doc. 1 at 12).

On January 18, 2018, Judge Shadid denied Watkins' petition, noting that challenges to an erroneous career offender designation are not cognizable on collateral review. *Id.* (Doc. 18 at 3). Furthermore, Judge Shadid held that Watkins' prior convictions satisfy the broad definition of "felony drug offense" under 21 U.S.C. § 802(44) and therefore were properly used to enhance Watkins' sentence. *Id.*

Now, Watkins attempts to file another § 2241 petition raising the same *Mathis* claim. Watkins argues that *Mathis* means his prior Illinois narcotic drug offenses no longer qualify as "felony drug offenses" under § 802(44). As previously explained, Judge Shadid disagreed and held that Watkins' prior convictions satisfy 802(44)'s definition of "felony drug offense." Watkins does not get to re-litigate the issue before this Court simply because he disagrees with Judge Shadid's determination.

Furthermore, to the extent Watkins attempts to raise new arguments based

on *Mathis*, the Government raises the affirmative defense of abuse of writ. A petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). By filing the instant petition, Watkins is abusing the writ of habeas corpus because any claim based on *Mathis* was available to Watkins when he filed his first § 2241 petition in late 2016. His petition must therefore be dismissed with prejudice. *Arnaout v. Marberry*, 351 F. App'x 143, 145 (7th Cir. 2009) (second habeas petition was an abuse of writ and thus properly dismissed with prejudice).

In any event, Watkins cannot bring an independent *Mathis* claim in a § 2241 petition. Federal prisoners who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Federal inmates may file a petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (often referred to as "the Savings Clause").

Section 2255 is inadequate or ineffective only if the following three requirements are met: "(1) the petitioner must rely on a [Supreme Court] case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross,* 863 F.3d 962, 964 (7th Cir. 2017).

The Seventh Circuit suggested in *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016), that an "independent claim based on *Mathis*" could be brought, "<u>if at all</u>, in a petition under 28 U.S.C. § 2241." (emphasis added). Yet, the Supreme Court in *Mathis* explicitly held that its longstanding precedent resolved the case, and that *Taylor v. United States*, 495 U.S. 575, 600-01 (1990) "set out the essential rule governing ACCA cases more than a quarter century ago." *Mathis*, 136 S.Ct. at 2251.

While this Court has held that independent *Mathis* claims cannot be brought in a § 2241 petition because *Mathis* is not a new rule, *Robinson v. Krueger*, No. 17-01187, 2017 WL 2407253, at *5 (C.D. Ill. June 2, 2017); *Cox v. Kallis*, No. 17-1243, 2018 WL 2994378, at *3 (C.D. Ill. June 14, 2018), *reconsideration denied*, No. 17-1243, 2018 WL 3232771 (C.D. Ill. July 2, 2018), district courts in the Seventh Circuit are admittedly split on the issue, *compare Wadlington v. Werlich*, No. 17-CV-449, 2017 WL 3055039, at *3 (S.D. Ill. July 17, 2017) (reasoning that *Mathis* satisfied the first two requirements to bring a § 2241 petition); *and Winters v. Krueger*, No. 217CV00386, 2018 WL 2445554, at *2 (S.D. Ind. May 31, 2018) (same); *with Neff v. Williams*, No. 16-CV-749, 2017 WL 3575255, at *2 (W.D. Wis. Aug. 17, 2017) (*Mathis* "merely reaffirmed its 1990 holding in *Taylor*").

In line with the Supreme Court's language in *Mathis* and this Court's prior decisions in *Robinson* and *Cox*, the Court concludes that *Mathis* is not a new rule and therefore cannot satisfy the second requirement for filing a § 2241 petition.

## CONCLUSION

For the reasons stated above, Watkins' Second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITH PREJUDICE.

4

Entered this 24th day of August, 2018.

                                           s/ Joe B. McDade
                                           JOE BILLY McDADE
                                   United States Senior District Judge