UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHANE T. WATKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 18-cv-1183 |
| J E KRUEGER, | ) ) ) |
| Respondent. | ) |

## ORDER & OPINION

On August 24, 2018, this Court denied Shane T. Watkins' second petition under 28 U.S.C. § 2241, in which he argued Illinois narcotic offenses were improperly used to enhance his sentence because they did not qualify as felony drug offenses under 21 U.S.C. § 802(44). *Watkins v. Krueger*, No. 18-cv-1183, slip op. (C.D. Ill. Aug. 24, 2018) (Doc. 10). This Court denied Watkins' petition because Judge Shadid held otherwise in Watkins' first § 2241 petition; because the government properly raised the affirmative defense of abuse of the writ to the extent Watkins' sought to raise new arguments; and because an independent claim under *Mathis v. United States*, 136 S.Ct. 2243 (2016), cannot be brought in a § 2241 petition as *Mathis* did not set forth a new rule. *Id.* slip op. at 1–5. Watkins now argues reconsideration is warranted under Federal Rule of Civil Procedure 59(e) in light of *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016) and *Jahns v. Julian*, 305 F. Supp.3d 939 (S.D. Ind. 2018). (Doc. 12, at 1–2).

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that

newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A manifest error "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent'" not the mere "disappointment of the losing party." *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014). Rule 59(e) motions are "not to be used to rehash previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (citation and internal quotation marks omitted).

For a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255, "(1) the petitioner must rely on a [Supreme Court] case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross,* 863 F.3d 962, 964 (7th Cir. 2017). This Court denied Watkins's petition on the grounds that *Mathis* did not set forth a new rule previously unavailable with retroactive applicability. *Watkins*, No. 18-cv-1183, slip op. at 4 (C.D. Ill. Aug. 24, 2018) Watkins argues principally that, per *Holt*, *Mathis* applies retroactively. (Doc. 12, at 2). This argument does not call into question the Court's holding that *Mathis* is not a new rule—whether or not it is retroactive, it therefore cannot be the basis of a § 2241 petition under these circumstances. *See Cox v. Kallis*, No. 17-cv-12443, 2018 WL 3232771, at *1 (C.D. Ill. July 2, 2018) (rejecting an identical contention for the same reason).

The disagreement between this Court and another district court does not provide any more of a basis for reconsideration. Watkins is correct that the United States District Court for the Southern District of Indiana has held Mathis is not only retroactive but a new rule. *Jahns v. Julian*, 305 F. Supp.3d 939, 945 (S.D. Ind. 2018). This Court's initial ruling recognized the split among district courts in the Seventh Circuit, including that the Southern District of Indiana has held *Mathis* constitutes a new rule. *Watkins*, No. 18-cv-1183, slip op. at 4 (C.D. Ill. Aug. 24, 2018). The disagreement does not help Watkins' motion for reconsideration. While the views of other district courts are persuasive, they do not constitute controlling precedent in this district; it is not a manifest error of law for this Court reach a different conclusion.

Apparently in response to this Court's alternative holding that his petition constituted abuse of the writ of habeas corpus, Watkins advances two arguments that he should have been allowed to file a second § 2241 petition. First, Watkins claims as cause and prejudice for his failure to raise issues in his first petition that law has changed and new facts come to light since his initial § 2241 petition. (Doc. 12, at 3). Second, Watkins argues he is actually innocent under *Brock-Miller v. United States*, 887 F.3d 298 (7th Cir. 2018) and *Mathis*. (Doc. 12, at 2–3). However, Watkins has not advanced either a cause and prejudice or an actual innocence theory before now. Rule 59(e) motions "are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . ." *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Because Watkins

3

had the opportunity to raise either cause and prejudice or actual innocence in his reply to the government's response and failed to do so, those theories cannot now be successful in a Rule 59(e) motion.[1]

**CONCLUSION**

For the reasons stated above, Watkins' Motion for Reconsideration Under Rule 59(e), Doc. 12, is DENIED.

Entered this 6th day of September, 2018.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

---

[1] Actual innocence would not be a theory available to Watkins in this case even had he raised it properly. Watkins does not argue that he has been convicted of a non-existent crime or even that he is actually innocent of possession of cocaine base (crack) with intent to distribute. Rather, he argues that he is innocent of the sentence enhancement based upon his prior convictions. Aside from in capital cases, "[o]ne can be innocent of a crime . . . but not of a sentence." *Brown v. Caraway*, 719 F.3d 583, 598 (7th Cir. 2013).